UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-cr-375 |
| ANTHONY PRISCO, | Judge Martha M. Pacold |
| Defendant. | |

ORDER

In July 2023, a grand jury indicted Anthony Prisco for three counts of possession and transfer of a machine gun, in violation of 18 U.S.C. § 922(o)(1) (Counts I, II, IV), and one count of unlawfully possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count III). [16]. Prisco now moves to dismiss Count III of the indictment, arguing that § 922(g)(1) is unconstitutional under the Second Amendment as applied to him. [31]. For the reasons discussed below, Prisco's motion to dismiss is denied.

STATEMENT

Prisco argues that in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) is unconstitutional as applied to him. *See* [31].[1]

The Seventh Circuit addressed this issue in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), ultimately remanding the case so that the district court could analyze the constitutionality of § 922(g)(1) in the first instance. Based on that decision, and based on the analyses conducted by courts both in this district and nationwide, this court previously decided several motions challenging § 922(g)(1) in the wake of *Bruen*. *See, e.g.*, *United States v. Evans*, No. 21-cr-396 (N.D. Ill. Feb. 9, 2024); *United States v. Sosa*, No. 21-cr-718 (N.D. Ill. Mar. 19, 2024); *United States v. Serna*, No. 23-cr-245-1 (N.D. Ill. Mar. 29, 2024).

Recently, the Seventh Circuit decided *United States v. Gay*, ___ F.4th ___, No. 23-2097, 2024 WL 1595285 (7th Cir. Apr. 12, 2024). There, the court considered the defendant's argument "that the Second Amendment permits persons with felony

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the ECF page number.

convictions to possess both firearms and ammunition, notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* at *2. The court first noted that "[t]his argument is hard to square with *District of Columbia v. Heller*, which in the course of holding that the Second Amendment creates personal rights pointedly stated that 'longstanding prohibitions on the possession of firearms by felons' are valid." *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 635 (2008)). The court also emphasized that multiple Justices had written separately in *Bruen* to explain that the decision "did not change anything about *Heller*." *Id.* (first citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring); and then citing *Bruen*, 597 U.S. at 80–81 (Kavanaugh J., concurring)).

The court then assumed, without deciding, that defendants may bring as-applied challenges to § 922(g)(1). *Id.* at *3. The court began its analysis of the defendant's as-applied challenge by noting that "[w]hen describing the persons who possess rights under the Second Amendment, *Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* (quoting *Bruen*, 597 U.S. at 26, 70). The court then explained that the defendant "d[id] not fit that description," pointing to the defendant's prior felony convictions and to the fact that the defendant was on parole at the time he possessed the firearm and ammunition he was charged with possessing. *Id.* The court also noted that, "[i]nstead of contesting § 922(g)(1) through a declaratory-judgment action," as the defendant had in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), the defendant in *Gay* "violated the law in secret and tried to avoid detection." *Id.* The court therefore concluded that the defendant was "not a 'law-abiding, responsible' person who has a constitutional right to possess firearms." *Id.*

Like the Seventh Circuit in *Gay*, the court assumes that Prisco may raise an as-applied challenge to § 922(g)(1). *See id.* at *3. Based on the Seventh Circuit's analysis in *Gay*, however, Prisco's motion must be denied. Like the defendant in *Gay*, Prisco "does not fit th[e] description" of "law-abiding, responsible citizen[]." *Gay*, 2024 WL 1595285 at *3 (quoting *Bruen*, 597 U.S. at 26, 70). Most significantly, Prisco has a prior felony conviction under Illinois law for possession of a machine gun/automatic weapon. *See* [26] at 2 (pretrial bail report); [37-1] at 5–6 (certified statement of conviction / disposition); [31] at 2 (Prisco concedes he "has a prior felony gun conviction"); *see also* 720 ILCS 5/24-1(A)(7)(1). Additionally, although Prisco was not on parole at the time he is alleged to have possessed the firearm in this case, he was on probation. *See* [26] at 2. And finally, like the defendant in *Gay*, Prisco did not contest § 922(g)(1)'s constitutionality through a declaratory judgment action—instead, he is alleged to have "violated the law in secret and tried to avoid detection." *Gay*, 2024 WL 1595285 at *3. Like the defendant in *Gay*, therefore, Prisco "is not a 'law-abiding, responsible' person who has a constitutional right to possess firearms." *Id.*

## CONCLUSION

Prisco's motion, [31], is denied.

Dated: April 17, 2024  /s/ Martha M. Pacold